[Crim. No. 797. Second Appellate District, Division One.—May 13, 1921.]

In the Matter of the Application of BETTY DAYTON for a Writ of Habeas Corpus.

[1] Public Health—Quarantine for Venereal Disease—Authority of Health Department.—The health department of a municipality has authority to enforce quarantine measures against a person where there is reasonable ground to believe that such person is affected with a contagious or infectious venereal disease, and in the case of a woman of ill fame, that fact in itself affords sufficient ground for an inference of the existence of the disease.

APPLICATION for a Writ of Habeas Corpus to secure release from quarantine. Denied.

The facts are stated in the opinion of the court.

Cooper, Collings & Shreve for Petitioner.

Erwin W. Widney and Harry A. Mock for Respondent.

THE COURT.—By the petition herein it is shown that the chief of police of the city of Los Angeles, acting under instructions from the health department of said city, is depriving petitioner of her liberty and detaining her at the city jail; that such detention is being enforced by reason of a purported order of quarantine issued by the said health department, which order is based upon the alleged ground that the health authorities have reasonable and probable cause to believe that petitioner is affected with a contagious or infectious venereal disease. Petitioner alleges further

that said health department has demanded that petitioner submit herself for examination to determine the presence of such disease and that she has refused to obey that order. Respondent justifies the detention of petitioner upon the ground that she is a lewd and dissolute person and, in fact, a prostitute.

[1] In a recent case this court has had occasion to consider a similar situation affecting the right of quarantine officers and has marked out a measure of that right. (*In re Arata, ante,* p. 380, [198 Pac. 814].) In that case it was held that the health department was authorized to enforce quarantine measures against persons where there was reasonable ground to believe that such persons were affected with the kind of disease referred to, and it was held that, in the case of a woman of ill fame, that fact in itself afforded sufficient ground for the inference that she might be affected with the disease. Evidence consisting of oral testimony of the witnesses and an affidavit were presented at the hearing, and from that evidence we have reached the conclusion that the house at which the petitioner was residing at the time of her arrest was a house of ill fame, and that she was one of the inmates thereof. All of the circumstances shown in evidence tend to support that conclusion. It is not essential that the particular acts indulged in in such houses be expressly shown. All of the surroundings, as the evidence illustrated them, the actions, conduct, and demeanor of the persons occupying the place, in the aggregate establish to our minds quite clearly and beyond a probability merely that the house was a house of ill fame and that the inmates belonged to the class mentioned.

Petitioner is remanded to the custody of respondent.