[Crim. No. 987. Second Appellate District, Division One.—April 16, 1923.]

## In the Matter of the Application of MARIE CLEMENTE for a Writ of Habeas Corpus.

[1] QUARANTINE — INMATE OF HOUSE OF ILL FAME — AUTHORITY OF HEALTH DEPARTMENT.—The health department of a municipality is authorized to enforce quarantine measures against a person arrested and charged with conducting a house of ill fame, upon information that the house was of such a character, that such person was an inmate thereof and personally participated in the unlawful acts carried on therein.

PROCEEDING on Habeas Corpus to obtain release from detention under order of health department. Petitioner remanded.

The facts are stated in the opinion of the court.

Warren L. Williams, S. S. Silverton and L. D. Barnett for Petitioner.

W. D. McConnell, J. Friedlander and J. D. Taggart for Respondent.

CURTIS, J.—Petitioner is before this court upon a writ of *habeas corpus*. The petition therefor sets forth that she is illegally detained and restrained of her liberty by the chief of police of the city of Los Angeles, acting under instructions from the health department of the city of Los Angeles not to release her until she had submitted to an examination ordered to be made by said health department for the purpose of determining whether she was affected with a contagious or infectious disease.

Upon the hearing the testimony showed that the petitioner had been arrested and charged with conducting a house of ill fame. Two police officers of the city of Los Angeles testified that they visited the house of the petitioner on the day of her arrest, and of the acts and conduct of petitioner

---

1. Right to *habeas corpus* of one detained pursuant to quarantine, note, 2 A. L. R. 1542.

on this occasion. There was also testimony to the effect that the reputation of petitioner's house was that of a house of ill fame. This information had all been furnished to the health department and upon it the department made its order for the examination of petitioner and for her detention until she should submit to such an examination. Repeated demands had been made of petitioner by the health department that she submit to the required examination, all of which had been refused by her.

[1] We are satisfied that the testimony produced at the hearing warranted the conclusion that the house conducted by petitioner was a house of ill fame, that she was an inmate thereof and personally participated in the unlawful acts carried on therein. The health department having this information was, in our opinion, justified in its detention of the petitioner. This information furnished reasonable ground to believe that the petitioner was affected with the kind of disease referred to, and this, in view of two recent decisions of this court, was all that was necessary to have authorized the health department to enforce quarantine measures against the petitioner. (*In re Dayton,* 52 Cal. App. 635 [199 Pac. 548], and *In re Arata,* 52 Cal. App. 380 [198 Pac. 814].)

Petitioner is remanded to the custody of respondent.

Conrey, P. J., and Houser, J., concurred.